UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Civil Action No._____

SHARIS MOTI,

    Plaintiff,

v.

CREDIT COUNSEL INC.,

    Defendant,

_____/

**COMPLAINT**

**NOW COMES** SHARIS MOTI, by and through her undersigned counsel, complaining of Defendant CREDIT COUNSEL INC., as follows:

**NATURE OF THE ACTION**

1.    Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

**JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

4.    SHARIS MOTI ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this Federal Jurisdiction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

7. CREDIT COUNSEL INC. ("Defendant") maintains its principal place of business at 8362 Pines Boulevard, Suite 316, Pembroke Pines, Florida 33024.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

10. Early in 2018 Plaintiff incurred a medical debt from an ankle surgery center in the approximate amount of $8,400.00 ("subject debt").

11. Plaintiff was under the impression that her insurance should have handled the subject debt.

12. Plaintiff began receiving collection calls from Defendant on the subject debt some time ago.

13. In or around September 2020, the collection calls Plaintiff started receiving calls from Defendant increased significantly.

14. During the phone calls that Plaintiff answered, Plaintiff advised that she cannot afford to pay the subject debt and that she believed that her insurance company should have handled the bill.

15. Additionally, during these phone calls, Plaintiff also stated that she would reach out when she was able to make a payment and requested that Defendant stop calling on numerous occasions.

16. A majority of the phone calls from Defendant came from Defendant's agent, Chris Vega ("Vega").

17. Specifically, during a phone call on November 19, 2020, notably on Plaintiff's wedding day, Vega called Plaintiff regarding the subject debt.

18. When Plaintiff answered, Vega was extremely rude.

19. Vega stated that the subject debt could be resolved for $3,000, to which Plaintiff replied she would be homeless if she were to pay that amount.

20. Vega then continued by calling Plaintiff "Ms. Homeless," and calling Plaintiff a liar, purportedly because she could afford to pay the subject debt but did not want to settle the matter.

21. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

22. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

a. **Violations of FDCPA §1692c**

23. All paragraphs of this complaint and incorporated herein.

24. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-

> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a).

25. Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff after requesting that the phone calls cease.

26. Specifically, when Plaintiff requested that the phone calls cease, any time that Defendant called after that request became an inconvenient time for Plaintiff.

27. Upon information and belief, Defendant knowingly contacted Plaintiff at an inconvenient time in hopes that Plaintiff would make a payment on the subject debt.

### b. Violations of FDCPA §1692d

28. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

29. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §§ 1692d and d(5) when it placed an excessive number of collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

31. Defendant violated §§ 1692d and d(5) when it placed collection calls to Plaintiff's cellular telephone after being requested they stop.

32. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

33. Additionally, Defendant's behavior during the collection calls was rude and abusive, calling Plaintiff a liar and "Ms. Homeless."

34. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

35. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

36. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

#### a. Violation(s) of Fla. Stat. § 559.72(7)

37. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

38. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop.  See *Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

39. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

### b.  Violation(s) of Fla. Stat. § 559.72(8)

40. Subsection 559.72(8) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (8)   Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

Fla. Stat. § 559.72(8).

41. Defendant violated Fla. Stat. § 559.72(8) by calling Plaintiff a liar and "Ms. Homeless."

42. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7) and 559.72(8);

    b.    an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

    c.    an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

    d.    an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

    e.    an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: November 23, 2020                       Respectfully submitted,

                                                      **SHARIS MOTI**

                                                      By: /s/ *Alexander J. Taylor*

                                                      Alexander J. Taylor, Esq.
                                                      Florida Bar No. 1013947
                                                      SULAIMAN LAW GROUP, LTD.
                                                      2500 South Highland Avenue
                                                      Suite 200
                                                      Lombard, Illinois 60148
                                                      +1 630-575-8181
                                                      ataylor@sulaimanlaw.com